Winfred Earl BRADFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 42545.

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

Rehearing Denied March 25, 1970.

No attorney on appeal for appellant.

. Jim D. Vollers, State's Atty., Austin, for the State.

W. W. Tupper, San Angelo, for appellant.

Ed Paynter, Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the subsequent offense of driving while intoxicated; the punishment, ninety days in jail and a fine of $500.

The sole ground urged as error is that the judgment in the prior misdemeanor conviction for driving while intoxicated which was plead and utilized in this subsequent conviction for driving while intoxicated is void.

In appellant's amended motion to strike the allegations of the misdemeanor conviction in the indictment, he alleges that at the time of the trial he was indigent, that he did not know he was entitled to have counsel appointed to represent him, was not advised of such right and did not waive his right to counsel, and was not represented by counsel at the trial.

In the absence of the jury, the appellant testified that he was arrested and placed in jail on Saturday, January 12, 1963, and taken before the county judge about 9:30 a. m., Monday, January 14. He further testified that he was not represented by counsel, that he did not know he could have counsel appointed for him in county court and that no one advised him of his right to have counsel appointed. When asked on direct examination if he in fact wanted counsel, the appellant replied: "Well, yes, sir, I wanted a lawyer because I wanted to save my driver's license"; and he never testified to any fact which would constitute a defense to the misdemeanor charge.

The amended motion does not allege that appellant wanted an attorney at the time he entered his plea of guilty.

The appellant, in relating his appearance in court, testified that when he appeared before the county judge on Monday morning that the county attorney read the charge to him and asked how he plead, "guilty or not guilty," and he answered, "Well, I have got no choice, I am guilty."

The testimony of the appellant reveals that at the time of the misdemeanor conviction he had steady employment on a monthly salary of $175 (1963), owned an automobile, and had ninety dollars in the bank. He stated that he had been in court before and on other occasions attorneys had been appointed to represent him but he did not realize that counsel could be appointed for him in county court; that he was familiar with the procedure that a person could make a bond in criminal cases but he did not ask the court to set his bond so he could get out and hire an attorney. After he was fined, appellant called his employer's wife and gave her the amount of the fine and costs and his employer came and paid it.

The record reveals that the appellant was forty years of age at the time of the misdemeanor conviction in 1963.

The complaint, information and judgment in the alleged prior conviction for driving while intoxicated are regular on their face.

The minimum penalty was assessed and it appears that appellant was given credit for the three days spent in jail.

In considering the appellant's testimony of his previous experience in the courts and with appointed counsel for him on occasions in the courts which reveals his familiarity with court procedure at the time of his prior misdemeanor conviction and his failure to show that he was indigent, the refusal of the motion to strike the allegations of the prior misdemeanor conviction in the indictment was not error.

Art. 26.04(a), Vernon's Ann.C.C.P. (effective January 1, 1966), provides that when an accused is charged with "a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him."

The judgment is affirmed.

MORRISON, J., not participating.